# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

Plaintiff,

v.

RONALD DEAN BEAR, individually and dba BEAR'S DEN SPORTS BAR AND DELI,

Defendant.

_________________________________/

CASE NO. 1:12-cv-01509-AWI-SKO

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S FIRST AMENDED ANSWER**

(Doc. 10)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

(Docs. 7)

## I. INTRODUCTION

On November 19, 2010, Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed a complaint against Defendant Ronald Dean Bear, individually and dba Bear's Den Sports Bar and Deli ("Defendant"), alleging violations of 47 U.S.C. §§ 553 and 605, as well as causes of action for conversion and for violation of the California Business and Professions Code section 17200, *et. seq.* The suit is based on Defendant's alleged unlawful interception, receipt, and exhibition of "*Star Power*,": *Floyd Mayweather, Jr. v. Victor Ortiz Championship Fight Program* (the "Program"), a fighting match that was broadcast on Saturday, September 17, 2011. (Cmplt., ¶ 14.)

Plaintiff's complaint alleges that it was granted the "exclusive nationwide commercial distribution (closed-circuit) rights" to the Program. (Doc. 1, ¶ 14.) Plaintiff subsequently entered into sublicensing agreements with commercial entities in the hospitality industry, including restaurants, authorizing the sublicensee to publicly exhibit the Program. (Cmplt., ¶ 15.) Defendant allegedly "unlawfully intercept[ed], receive[d], publish[ed], divulge[d], display[ed], and/or exhibit[ed] the Program at the time of transmission at his commercial establishment in Avenal, California." (Cmplt, ¶ 17.)

On November 14, 2012, Defendant filed an answer to the complaint asserting eight affirmative defenses. (Doc. 5.) On December 4, 2012, Plaintiff filed a motion to strike all of Defendant's affirmative defenses arguing that they were insufficient. (Doc. 7.) On December 24, 2012, Defendant filed an amended answer asserting four affirmative defenses. (Doc. 9.) The Court set both motions to be heard on February 27, 2013. (Doc. 11.) On February 26, 2013, the matters were deemed suitable for decision without oral argument, the February 27, 2013, hearing was vacated and Plaintiff's motions were taken under submission. For the reasons set forth below, Plaintiff's Motion to Strike Plaintiff's First Amended Answer is GRANTED, and Plaintiff's motion to strike Defendant's affirmative defenses in the original answer is GRANTED in part and DENIED in part.

## II. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(f), the court is permitted to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense may be insufficient as a matter of pleading or as a matter of substance. *Sec. People, Inc.*, *Classic Woodworking, LLC,* No. C-04-3133 MMC, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). An affirmative defense may be considered insufficiently pled where it fails to provide plaintiff with fair notice of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). An affirmative defense is insufficient as a matter of law where "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Ganley v. Cnty. of San Mateo*, No. C06-3923

TEH, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007). A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

As motions to strike a defense as insufficient are disfavored, they will not be granted if the insufficiency of the defense is not clearly apparent. *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed.) In ruling on a motion to strike, a "court[] may not resolve disputed and substantial factual or legal issues . . . . " *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted). Because the purpose of pleading an affirmative defense is simply to give fair notice to plaintiff of the defense being asserted, leave to amend should be freely granted in absence of prejudice to the opposing party. *Wyshak*, 607 F.2d at 826- 27.

**B. Plaintiff's Motion to Strike Defendant's First Amended Answer**

Federal Rule of Civil Procedure 15(a) provides the following, in relevant part:

> (1) **Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2).

Here, Defendant filed his original answer on November 14, 2012. (Doc. 5.) Pursuant to Rule 15(a)(1)(A), Defendant was entitled to file an amended answer as a matter of right until December 5, 2012. However, Plaintiff did not file a First Amended Answer ("FAA") until December 24, 2012. As Defendant did not obtain leave of court or a stipulation from Plaintiff, Defendant's amended the answer as a matter of right is untimely under Rule 15(a)(1)(A).[1]

[1] Defendant concedes in his opposition that the amended answer "was filed more than 21 days after the original answer was filed." (Doc. 13, 2:19-20.)

Moreover, because the answer is not a pleading to which a responsive pleading is required (*see* Fed. R. Civ. P. 7(a)(7) (reply to an answer not permitted unless ordered by the court)), Defendant is not permitted to amend the answer as a matter of right under Rule 15(a)(1)(B). Defendant's FAA, therefore, could only be filed by Plaintiff's written consent or with the court's leave; as discussed above, Defendant obtained neither. Fed. R. Civ. P. 15(a)(2). As such, Plaintiff's motion to strike Defendant's December 24, 2012, FAA is GRANTED.

**C. Plaintiff's Motion to Strike Defendant's Affirmative Defenses in the Original Answer**

In his original answer, Plaintiff asserted the following eight affirmative defenses: (1) Failure to State Claim; (2) Plaintiff's Own Actions; (3) Defendant's Performance; (4) Acts of Others; (5) Election of Remedies; (6) No Basis for Unfair Business Practice Claim; (7) No Basis for Claim of Conversion; and (8) No Basis for Claim of Punitive Damages. (Doc. 5, p. 4-7.)

In the FAA, Plaintiff asserted four affirmative defenses: (1) Defendant's Performance; (2) Acts of Others; (3) Estoppel; and (4) Election of Remedies. (Doc. 9, p. 5-6.) Defendant concedes that the affirmative defenses he omitted from his original answer, i.e., Failure to State a Claim, Plaintiff's Own Actions, No Basis for Unfair Business Practice Claim, No Basis for Claim of Conversion, and No Basis for Claim of Punitive Damages "are essentially denials of the elements of the plaintiff's complaint." (Doc. 13, 4:13-16.) In light of Defendant's concession regarding these five affirmative defenses, the Court GRANTS Plaintiff's motion to strike with regard to those affirmative defenses. The remaining three affirmative defenses in Defendant's original answer will be considered in turn below.

**1. Prejudice to Plaintiff**

"Given [the] disfavored status [of motions to strike], courts often require a showing of prejudice by the moving party before granting the requested relief." *Neilson v. Union Bank of Cal. N.A.,* 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). The Court is underwhelmed by Plaintiff's argument as to how it will be prejudiced by allowing these affirmative defense to stand.

Specifically, Plaintiff states that "[i]f the defenses are permitted to survive, Plaintiff will be compelled to expend time and resources litigating irrelevant issues." (Doc. 7, 9:13-21.) As noted

by the district court in *J&J Sports Productions, Inc. v. Vargas*, 2012 WL 2919681, at *2 (D. Ariz. July 17, 2012), such a conclusory statement is wholly insufficient to establish prejudice.

Moreover, excluding Defendant's "affirmative defenses" will not preclude Plaintiff from expending resources exploring these defenses in discovery or litigating these issues, particularly because the defenses are not waived if they are not truly affirmative defenses – which is the gravamen of Plaintiff's motion to strike. Courts take a dim view of motions to strike because they tend to implicate gamesmanship and tactical maneuvering rather than operate to narrow the focus of the litigation. *See State of Cal. ex rel State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) ("Motions to strike are often looked on with disfavor because of the tendency for such motions to be asserted for dilatory purposes.").

In light of Plaintiff's argument that Defendant's defenses are not technically "affirmative defenses," but simply denials of liability and the elements of Plaintiff's prima facie claims,[2] the motion to strike itself appears to have been filed to compel the expenditure of time and resources litigating irrelevant issues rather than to highlight insufficient "affirmative defenses." For the reasons set forth below, the Court will strike two affirmative defenses as a technical matter, but notes the futility in doing so given that the defenses are not waived and may be the subject of discovery and litigation during the course of this action.

**2. Defendant's Affirmative Defenses**

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). In contrast, denials of the allegations in the complaint or allegations that the plaintiff cannot prove the elements of his claim are not affirmative defenses. *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-cv-00168-LHK, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010).

---

[2] Plaintiff asserts that "Defendant's Performance" affirmative defense is "merely another denial of liability." (Doc. 7, 7:9); Plaintiff asserts that the "Acts of Others" affirmative defense "is not an affirmative defense at all, but a denial of an element of Plaintiff's causes of action" (Doc. 7, 7:18-19); Plaintiff asserts that Defendant's "election of remedies" defense "does not prohibit Plaintiff from seeking relief under both [47 U.S.C. § 553 and § 605.]"

As an initial matter, because the Ninth Circuit has yet to hold that the heightened pleading standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) are applicable to affirmative defenses, the Court declines to reach this issue. *See, e.g., J&J Sports Prods., Inc. v. Gidha*, No. 2:10-cv-2509-KJM-KJN, 2012 WL 537494, at * 2 (E.D. Cal. Feb.17, 2012); *J&J Sports Prods., Inc. v. Catano*, No. 1: 12-cv-00739-LJO-JLT, 2012 WL 5424677, at * 2 (E.D. Cal. Nov. 6, 2012); *J&J Sports Prods., Inc. v. Luhn*, No. 2:10-cv-03229-JAM-CKD, 2011 WL 5040709, at * 3 (E.D. Cal. Oct. 24, 2011). Further, following the decisions in *Iqbal*, and *Twombly*, the Ninth Circuit has continued to apply *Wyshak* as the appropriate standard in evaluating the sufficiency of pleading affirmative defenses. *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) ("'The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." (quoting *Wyshak*, 607 F.2d at 872)).[3] Accordingly, the Court evaluates the following affirmative defenses with the standard set forth in *Wyshak*, 607 F.2d at 827, which requires "fair notice."

**a. Defendant's Performance**

Defendant asserts "Defendant's Performance" as an affirmative defense:

> That for purposes of this Affirmative Defense only, and not by way of an admission of any kind, this answering defendant, as a customer of plaintiff's agents, representatives, customers, licensees, franchisees, and affiliated entities, including, but not limited to, the DISH Network, performed all terms, covenants, obligations, conditions required of the defendant under any agreement, contract, customer agreement, or other transaction between the parties.

(Doc. 5, 5:15-22.)[4] Plaintiff contends that the "crux" of the complaint is that Defendant was not a customer of Plaintiff and did not enter into a contract with Plaintiff. According to Plaintiff, this defense is merely a denial of liability. (Doc. 10, 7:3-6.)

---

[3] In *Perez v. Gordon & Wong Law Group, P.C.*, No. 11-cv-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012), the court noted that the "vast majority" of federal district courts have concluded that *Twombly* and *Iqbal* pleading standards apply to pleading affirmative defenses. The court further noted that the Ninth Circuit's citation to *Wyshak* in its *Simmons* decision provided "no guidance for . . . how to construe what constitutes "fair notice" to plaintiff post-*Iqbal*.

[4] The affirmative defense "Defendant's Performance" pled in the FAA is identical to that contained in the original answer.

Defendant counters that this is a "common-sense" argument that an "agency" or other "employment" relationship between the cable provider and Plaintiff can obviate the liability of Defendant, or of any other person who relies upon that agency or other relationship.

Plaintiff argues that this defense relies upon additional facts assumed by Defendant, i.e., that DISH Network is an "agent" of Plaintiff. (Doc. 14, 3:26-27.) Plaintiff asserts that this assumption is incorrect and for the defense to be valid, Defendant must have some "valid" basis "beyond a guess (or hope) that such an agency relationship between DISH Network and Plaintiff exists." (Doc. 14, 4:1-5.)

The merits or the "validity" of an affirmative defense is not the standard for testing the sufficiency of the pleading, even under the arguably heightened *Iqbal* and *Twombly* standard. What is required instead is "fair notice" of the defense. As discussed above, motions to strike are not favored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). Courts considering a motion to strike "must view the pleading in the light most favorable to the pleading party," *In re 2TheMart.com, Inc. Sec. Litig*., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000), and must deny the motion if there is any a doubt whether the allegations in the pleadings might be relevant to the action, *id*.

Here, whether an agency relationship exists between Plaintiff and DISH Network such that this agency relationship would obviate Defendant's liability is both an issue of fact and law that should not be decided at the pleading stage. Plaintiff asserts that this defense has been "repeatedly" rejected and cites to *J&J Sports Productions, Inc. v. Delgado*, No. 2:10-cv-02517-WBS, KJN, 2012 WL 371630, at *3 (E.D. Cal. Feb. 3, 2012). In *Delgado*, the defendant's husband purchased the program through their residential satellite provider, he took the video box was taken to the couple's restaurant, and the program was shown at the couple's commercial establishment while it was open for business. Although the defendant argued that it was her husband's intent to view the program with friends after the restaurant had closed, she conceded that one of the undercard matches was nonetheless shown at the restaurant while it was open for business. The court found such use was unauthorized. The issue of an agency relationship between the satellite provider and J&J Sports

Productions, Inc. was not before the court. Thus, Plaintiff's reliance on *Delgado* to assert that such an agency relationship has been repeatedly rejected and does not persuade the Court there is a basis to conclude that this defense is legally insufficient.

As with Judge Shubb's decision in *Delgado* regarding the motion to strike the defendant's failure-to-mitigate affirmative defense, the Court concludes here that Plaintiff has fair notice of Defendant's affirmative defense and that it is sufficient as a matter of pleading. The Court is not convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed. *See Schmidt v. Pentair*, No. C08-4589, 2010 WL 4607412, at *1 (N.D. Cal. Nov. 4, 2010). Further, the Court does not find this to be a mere attack on the elements of Plaintiff's prima facie claims. Viewing the pleading in the light most favorable to Defendant, Plaintiff's motion to strike this defense is DENIED.

**b. Acts of Others**

Defendant asserts "Acts of Others" as an affirmative defense:

> The proximate cause(s) of the damages complained by plaintiff, if any such damages there be, was the carelessness, recklessness, negligence, gross negligence, breach of contract, misrepresentation, or other negligent or intentional act of individuals or entities including authorized agents and/or representatives, customers, licensees, franchisees, and affiliated entitles of the plaintiff other than this answering defendant, thereby barring or proportionately reducing plaintiff's recovery from this answering defendant, if any is due.

(Doc. 5, 5:25-6:5.)

Plaintiff argues that this is not an affirmative defense, but a denial of an element of Plaintiff's causes of action, i.e., causation. (Doc. 10, 7:13-14.) Plaintiff also maintains that, even to the extent this were an affirmative defense, Defendant does not indicate who the purported other "individuals or entities" are, and thus the defense does not provide Plaintiff with fair notice. Plaintiff finally argues that to the extent this defense is "addressed to negligence principles, Plaintiff has not alleged any negligence claims and . . . the defense . . . is immaterial and impertinent and should be stricken . . . ." (Doc. 10, 7:21-8:2.)

The Court agrees that this is merely an attack on the prima facie elements of Plaintiff's claims and is not an affirmative defense. As discussed by the district court in *J&J Sports Prods., Inc. v. Jimenez*, 2010 WL 5173717, at 2 (Dec. 15, 2010), this affirmative defense is "just another way of

asserting that Plaintiff has not or cannot prove the element of causation." A defense which demonstrates that the plaintiff has not met its burden of proof is not an affirmative defense, and need not be pled in the answer. *Zivokovic*, 655 F. Supp. at 262. As such, this defense is not "waivable," and Defendant is free to make this argument regardless of its exclusion as an affirmative defense. *Id.*

**c. Election of Remedies**

Defendant asserts "Election of Remedies" as an affirmative defense:

> The plaintiff herein has requested alternative, and inconsistent, theories of recovery under 28 U.S.C. §§ 605 and 553, which is not authorized by law and the plaintiff herein should be bound to elect its remedies, if any to which it is entitled, and not to seek relief or damages under both federal statutes alleged in its complaint.

(Doc. 5, 6:8-13.)

Defendant's Fourth Affirmative Defense states that Plaintiff cannot recover damages under both Sections 553 and 605. (Doc. 16, 4:6-10.) Defendant maintains that this argument is a defense of estoppel to the plaintiff's demand for recovery under both §§ 553 and 605.

Defendant correctly contends that Plaintiff may not recover under both Section 553 and Section 605 for a single violation. *J & J Sports Prods, Inc. v. Manzano*, No. 08-cv-01872, 2008 WL 4542962, at *2 (N.D. Cal. Sept. 29, 2008) ("A signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast. But he cannot violate both by a single action of interception.").[5] As pled, this defense does not appear to actually comprise an election-of-remedies affirmative defense.

As the Ninth Circuit has explained, "[w]here a party who has been injured has a choice of two remedies 'so inconsistent that the assertion of one involves the negation or repudiation of the other,' a deliberate choice of one with full knowledge of the facts will bar a later attempt to assert the other in a second suit." *Bankers Trust Co. v. Pac. Employers Ins. Co.*, 282 F.2d 106, 110 (9th Cir. 1960). "However, this doctrine of election of remedies applies only to choosing between different remedies allowed by law on the same state of facts, where the party has but one cause of

[5] Here, the complaint does not make clear whether the unlawful interception of the program was made through use of a satellite signal or a cable signal, and this may be a factual issue explored in discovery.

action, one right infringed, one wrong to be redressed. The doctrine does not require election between distinct causes of action arising out of separate and distinct facts." *Id.* In other words, the doctrine of remedies prevents a party from obtaining double redress for a single wrong. The doctrine "refers to situations where an individual pursues remedies that are legally or factually inconsistent." *Latman v. Burdette*, 366 F.3d 774, 781-82 (9th Cir. 2004) (quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49 (1974)). Proving an election of remedies affirmative defense requires, as a general rule, establishing that (1) two or more remedies existed at the time of the election, (2) these remedies are repugnant and inconsistent with each other, and (3) the party to be bound must have affirmatively chosen, or elected, between the available remedies. *Id.* at 782.

Here, the complaint does not allege whether the intercepted Program was broadcast by satellite or cable. While Plaintiff's claims under Section 553 and 605 represent separate and distinct causes of action, the claims may be mutually exclusive following discovery, particularly as Plaintiff has alleged only a single act of interception. Nonetheless, this is not affirmative conduct by Plaintiff to elect a remedy in the sense encapsulated in a traditional election of remedies affirmative defense. A traditional election of remedies affirmative defense often arises in contract actions. As explained by the Seventh Circuit, if a plaintiff, for example, were allowed to sue for damages on a contract, the defendant would rightly believe that the plaintiff was affirming the contract. The defendant would continue to perform other aspects of the contract and would expect performance of the plaintiff. If, however, the plaintiff could later sue for rescission, the defendant would have been prejudiced by his reliance on the damages suit. The election of remedies affirmative defense operates to preclude this result. Therefore, the election of remedies doctrine does not necessarily operate to force plaintiffs to elect a remedy, but to elect how they will proceed to recover for their injury. *Medcom Holding Co. v. Baxter Travenol Labs, Inc.*, 984 F.2d 223, 229 (7th Cir. 1993).

As pled, this defense does not constitute an affirmative defense of election of remedies. There is no affirmative conduct of Plaintiff alleged to be an election, and it is not clear that Section 553 and 605 are necessarily repugnant to and inconsistent with each other. Moreover, Plaintiff is entitled to plead alternative theories of relief without making an election of remedies at the pleading stage. Defendant remains free to argue on the merits that Plaintiff is unable, as both a factual and

legal matter, to recover damages under both Section 553 and 605. As pled, this is not technically an "affirmative defense" of election of remedies that must be pled in the answer and, as such, this defense is not waived. This affirmative defense is STRICKEN.

**D. Defendant's Request that the Court Consider the Estoppel Affirmative Defense in the First Amended Answer**

Although Defendant concedes that his FAA was filed with neither leave of court nor a stipulation from Plaintiff, he nonetheless requests that the Court rule on the limited issue of the FAA's Affirmative Defenses to avoid an unnecessary motion to amend the answer. As three of the four affirmative defenses in the FAA were identical in every way to those filed in the original answer, those affirmative defenses were considered above.

Plaintiff argues that the Court should not construe the FAA as an implicit motion to amend the answer, and, even if it did, the FAA demonstrates the futility of allowing any amendment. Specifically, Plaintiff asserts that, "[n]otwithstanding having a second opportunity to present valid affirmative defenses, Defendant has failed to do so." (Doc. 14, 2:17-18.)

With respect to Defendant's affirmative defense for "estoppel," contained in the FAA, for the sake of efficiency, the Court considers whether Defendant is entitled to amend the original answer to include this affirmative defense as though it were a proposed amendment to the original answer.

Defendant's FAA alleges "Estoppel" as an affirmative defense:

> The defendant repleads and realleges the allegations [relating to the affirmative defenses of "Defendant's Performance" and "Acts of Others."] As a result thereof, the defendant relied upon the actions, representations, and/or failure to act of the agents and/or representatives of the plaintiff and the plaintiff is thereby estopped from asserting that the defendant wrongfully or fraudulently intercepted, received, published, divulged, displayed and/or exhibited the "program" as alleged in the complaint.

(Doc. 9, 5:25-6:4.)

Plaintiff argues that, as with Defendant's affirmative defenses of "Defendant's Performance" and "Acts of Others," this defense is a denial of liability, not an affirmative defense. Further, Plaintiff contends that Defendant has offered no indication how any purported actions give rise to an estoppel and that simply assigning a label to alleged behavior is not sufficient notice of how the defense may apply. (Doc. 10, 8:7-18.) Defendant asserts that it is not necessary for a defendant to

show any facts that "explain" the affirmative defense. It is only necessary that the defendant "state" the defense.

As pled, this affirmative defense fails to provide any detail regarding the applicability of the doctrine to this case. At a minimum, the defense should identify the actions and the identity of the agents or representatives of Plaintiff who engaged in conduct that would estop Plaintiff from asserting that Defendant wrongfully intercepted or exhibited the program. Although Defendant has incorporated and referenced two other defenses, it is not clear how this is a separate theory from either of those defenses. The Court agrees with Plaintiff that something more than merely stating the legal theory of estoppel is required. To the extent that Defendant can cure the deficiencies with regard to this affirmative defense, it may be amended.

**E. Conclusion**

For the reasons set forth above, Plaintiff's Motion to Strike affirmative defenses in Defendant's answers is GRANTED in part and DENIED in part. Leave to amend the "estoppel" affirmative defense is granted. *Wyshak*, 607 F.2d at 826-27.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Strike Plaintiff's First Amended Answer is GRANTED
2. Plaintiff's Motion to Strike Defendant's Affirmative Defenses is GRANTED in part and DENIED in part;
3. Defendant is granted 15 days to file an amended answer with respect to the affirmative defense of estoppel; and
4. If Defendant does not elect to amend the answer, the original answer shall be deemed the responsive pleading to the complaint, the only affirmative defense remaining is "Defendant's Performance," and all other affirmative defenses are stricken.

IT IS SO ORDERED.

**Dated: February 26, 2013** **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE